Kathleen C. Jeffries  (State Bar #110362)
kjeffries@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile:  (626) 795-4790

Attorneys for Defendant
WHITE ARROW, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTESSENTIAL, LLC, a Limited Liability Company;<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WHITE ARROW, LLC, a Limited Liability Company; and DOES ONE through THIRTY;<br><br>　　　　Defendants. | Case No.<br><br>NOTICE OF REMOVAL OF ACTION COMMENCED IN STATE COURT<br><br>(28 U.S.C. §§ 1337 and 1441) |

　　　　This Notice of defendant White Arrow, LLC ("White Arrow") respectfully shows that:

　　　　1.　　On or about March 2, 2016, an action was commenced in the Superior Court of the State of California, County of Monterey, entitled, QUINTESSENTIAL, LLC, a Limited Liability Company, Plaintiff, v. WHITE ARROW, LLC, a Limited Liability Company; and DOES ONE through THIRTY, Defendants," being Case No. 16CV000683 in said Court.

　　　　2.　　On or about March 4, 2016, copies of the summons and complaint were first received by White Arrow through substituted service on

1
NOTICE OF REMOVAL OF ACTION COMMENCED IN STATE COURT

White Arrow's agent for service of process in California.  Copies of said summons and complaint and accompanying court documents, which constitute all process, pleadings and orders served upon White Arrow in said action, are attached hereto and marked as Attachments 1 (summons), 2 (complaint) and 3 (related pleadings).

3.  In its complaint, plaintiff alleges, inter alia, that on or about October 16, 2013 in Castroville, California, defendant White Arrow received a shipment of wine for transportation to South Kearney, New Jersey; that White Arrow delivered the shipment damaged; and that plaintiff has thereby been damaged in the sum of $84,709.54, the resulting depreciation to the shipment.  The complaint is set forth in a single cause of action under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706).

4.  White Arrow is now, and at all times mentioned in Case No. 16CV000683 has been, engaged in the business of transporting property by motor vehicle in interstate commerce as a common and contract carrier, pursuant to certificates and permits issued to it by the Federal Motor Carrier Safety Administration, and subject to the jurisdiction of the Surface Transportation Board, generally and for plaintiff herein, within the meaning of 49 U.S.C. § 13501.

5.  This Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1337 in that plaintiff's claim against White Arrow arises out of an Act of Congress regulating commerce, to wit, the Interstate Commerce Act, and raises a matter in controversy of over $10,000.00 for a single bill of lading.  This action is controlled by the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. § 14706), which makes an interstate common carrier liable to a shipper for any loss, damage or injury to property shipped

1 | by it.  Accordingly, removal from said Superior Court to this Court is proper
2 | pursuant to 28 U.S.C. § 1441.
3 |
4 | Dated: March 28, 2016
5 |
6 |
7 |
8 |

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By:  /s/ Kathleen C. Jeffries
     Kathleen C. Jeffries
     Attorneys for Defendant
     WHITE ARROW, LLC

---

3

NOTICE OF REMOVAL OF ACTION COMMENCED IN STATE COURT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Kathleen C. Jeffries**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On March 28, 2016, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION COMMENCED IN STATE COURT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Mr. Joshua E. Kirsch
> Gibson Robb & Lindh
> 201 Mission Street, Suite 2700
> San Francisco, California 94109

√   **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

—   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 28, 2016, at Pasadena, California.

>  /s/ Kathleen C. Jeffries
>  Kathleen C. Jeffries

4833-4166-8399, v. 1

PROOF OF SERVICE